UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

CAMILLA BARLOW, INDIVIDUALLY  CIVIL ACTION NO.:_____
AND ON BEHALF OF THOSE SIMILARLY
SITUATED

VERSUS

SAFETY NATIONAL CASUALTY CORPORATION, SINGLETARY
& ASSOCIATES, A PROFESSIONAL LAW CORPORATION,
SINGLETARY & ASSOCIATES, A P.L.C., COMMERCIAL SURETY
CONSULTANTS, INC. AND FINANCIAL RECOVERY
AGENCY, INC.

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel comes Camilla Barlow, individually and on behalf of those similarly situated and respectfully represents as follows:

I. CLASS ACTION INTRODUCTION

The Plaintiff pursuant to Fed. R. Civ. P. Rule 23 *et seq,* requests this Honorable Court allow her to present and prosecute claims against the captioned defendants via class action proceedings on behalf of a class identified as:

All persons who were required to execute an indemnity promise in connection with a Safety National Casualty Corporation bail bond obligation and who were subsequently subject to unlawful collection actions by the defendants even though any underlying bench warrant(s) had been recalled and any previously rendered Bond Forfeiture judgment(s) had been set aside.

II. PARTIES

[A]  Camilla Barlow is a resident of Baton Rouge, Louisiana.

[B]  Made defendant herein is Safety National Casualty Corporation an admitted and licensed Foreign insured domiciled at 1832 Schuetz

Road, St. Louis, Missouri with the Louisiana Secretary of State as its agent fore service of process;

[C] Also made defendant is Singletary & Associates, A Professional Law Corporation domiciled at 346 West Bellevue Street Opelousas, Louisiana and having Michael D. Singletary as its registered agent for service;

[D] Also made defendant herein is Singletary & Associates, A P.L.C. [Collection Agency] domiciled at 346 West Bellevue Street Opelousas, Louisiana;

[E] Also made defendant herein is Financial Recovery Agency, Inc. a Louisiana Corporation domiciled at 346 West Bellevue Street Opelousas, Louisiana and having Michael D. Singletary as its registered agent for service of process; and

[F] Also made defendant herein is Financial Recovery Agency, Inc. [a collection agency] domiciled at 346 West Bellevue Street Opelousas, Louisiana.

## III. JURISDICTION AND VENUE

[A] This Court has Federal question jurisdiction pursuant to 28 USC 133 in that the plaintiff complaint arises under the Fair Debt Collection Practices Act.

[B] Venue is proper in the Middle District of Louisiana under 28 USC 1391 because part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## IV. FACTS

[A] On September 30, 2007 the Petitioner paid AAA Bail Services, Inc. $475.00 for a bail premium for Eric Dougherty.

[B] In connection with the posting of the bond, the Petitioner was required to execute a blank indemnity agreement and a promissory note for $3,500.00.

[C]   On February 1, 2008 Eric Dougherty failed to appear for his arraignment and the Court issued a Bench Warrant as well as an Order of Bond Forfeiture.

[D]   On February 8, 2008 the Court executed a Judgment in favor of the State of Louisiana and against Eric Dougherty [principal] and Safety National Casualty Corporation as surety, for $3,500.00.

[E]   On March 4, 2008 Eric Dougherty appeared in Court through counsel, and the Bench Warrant was recalled and the Bond Forfeiture Judgment previously rendered was set aside.

[F]   Commencing on March 11, 2008 and continuing thereafter defendants, Singletary & Associates, A Professional Law Corporation and Singletary & Associates A P.L.C initiated collection action against the Petitioner for the bond amount of $3,500.00. Said collection efforts included telephone calls to the Petitioner's home pretending to be an employee of the defendant, Safety National Casualty Corporation.

[G]   On February 22, 2010 and continuing thereafter, defendant, Financial Recovery Agency, Inc. and/or defendant, Financial Recovery Agency, Inc. [a collection agency] commenced collection actions against the Petitioner for the bail amount of $3,500.00.

[H]   On July 7, 2010 defendant, Safety National Casualty Corporation filed a <u>Petition for Damages for Breach of Contract to Indemnify a Commercial Surety</u> in Baton Rouge City Court against the Petitioner founded upon the inchoate indemnity agreement. Said lawsuit was drafted and filed by both defendants, Singletary & Associates, Inc. A Professional Law Corporation/A P.L.C.

[I]   At all relevant times herein the named defendants were acting as the agents of Safety National Casualty Corporation, in the capacity as "debt collectors".

[J]   Safety National Casualty Corporation was not the "originator" of the indemnity agreement upon which Baton Rouge City Court was filed.

V. STATUTORY FRAMWORK

    [A]    La. R.S. 15:85 provides, in relevant part that:

All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:

(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith Issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.

(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.

(7) Enforcement and collection of judgment. No judgment of bond forfeiture rendered on or after August 15, 1997, shall be enforced or collected until ten days after the expiration of six months after the mailing of proper notice of the Signing of the judgment of bond forfeiture for bonds which have a face value under fifty thousand dollars, or until ten days after the expiration of nine months for bonds which have a face value of fifty thousand dollars or more. The timely filing of a suspensive appeal shall suspend the enforcement or collection of the judgment of the bond forfeiture. In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue, in accordance with R.S. 47:299.1 through 299.20. If after six months and ten days from the mailing of proper notice of the signing of the judgment for bonds which have a face value under fifty thousand dollars, or if after nine months and ten days for bonds which have a face value of fifty thousand dollars or more, a judgment of bond forfeiture against a commercial surety company has not been suspensively appealed nor satisfied or proceedings challenging the bond forfeiture have not been timely filed, the prosecuting attorney may either file a rule to show cause with the commissioner of insurance in accordance with R.S.22:144.1 or collect the judgment in the same manner as a civil judgment.

(10) Satisfaction of judgment of bond forfeiture. (a) For bonds which have a face value under fifty thousand dollars, any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. The appearance of the defendant shall operate as a satisfaction-of the

judgment, and the surrender shall operate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond.

VI. CAUSES OF ACTION

CLAIM I-FAIR DEBT COLLECTION PRACTICES ACT [FDCPA]

The Plaintiff reiterates all prior allegation of the Complaint, as if repeated verbatim.

[A] The defendants' actions abridged the FDCPA, 15 USC 1692 (e), in the following particulars:

(2) The false representation of---

(a) The character, amount, or legal status of any debt;

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

And FDCPA 15 USC 1692 (f) (1)

The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless amount is expressly authorized by the agreement creating the debt or permitted by law.

CLAIM II ABUSE OF PROCESS

The Plaintiff reiterates all prior allegations of the Complaint, as if repeated verbatim.

[B] The filing of a lawsuit against the Petitioner by defendants, Safety National Casualty Corporation and Singletary & Associates, A Professional Law Corporation/ A P.L.C. for a debt not owed was abuse of process, in that the indemnity contract was incomplete and the judgment had been satisfied by the subsequent appearance of the bonded defendant. The defendant's were attempting to obtain a result against plaintiff not proper under the law.

VII. DAMAGES

The Petitioner and those similarly situated suffered damages as a result of the previously described actions of the defendants, including:

[1] Actual Damages

[2] Statutory Damages

[3] Attorneys Fees

[4] Interest

VII.  QUALIFICATIONS FOR CLASS ACTION

All persons who were required to execute an indemnity promise in connection with a Safety National Casualty Corporation bail bond obligation and who were subsequently subject to unlawful collection actions by the defendants even though any underlying bench warrant(s) had been recalled and any previously rendered Bond Forfeiture judgment(s) had been set aside.

4.2    This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

a.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

b.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown, but is estimated to be at least in the hundreds based on the defendant's activities in Louisiana.  Plaintiff believes that members of the class can be identified by the records of Safety National Casualty Corporation and/or Singletary & Associates.

c.    Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

d.    Plaintiff is a member of the Class.

e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3).  The common issues include, but are not limited to, the following:

i.    The Scope and application of the FDCPA.

ii.    The validity of the indemnity agreement.

  f. There and other questions of law or fact which are common to the members of the class predominate over any questions affecting only individual members of the Class;

  g. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

  h. Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful conduct.

  i. Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

  j. This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense,, and uniformity of decision;

  k. Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members;

  l. This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

m.  In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of their wrongful conduct.

4.3  The Claims in this case are also properly certifiable under applicable law.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class of all others similarly situated, respectfully prays:

A)  That this Court certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (b)(3) and order appropriate notice to be directed to members of the class;

B)  For actual and statutory damages under the FDCPA;

C)  Compensatory damages – abuse of process;

D)  For attorneys fees and costs; and,

E)   For such other relief, both legal and equitable, to which Plaintiff may show justly entitled [including but not limited to creation of a future damages fund and payment of th future related expenses, as this Court may order in its discretion].

Respectfully Submitted By:

_____
**Andre' P. LaPlace (LBRN 8039)**
2762 Continental Drive, Ste. 103
Baton Rouge, Louisiana 70808
Telephone (225) 924-6898
Facsimile (225) 924-6877